UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

        Plaintiff,

v.

M. KARR,

        Defendant.

CASE NO. C12-5499 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
SEPTEMBER 21, 2012.

       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Defendant Karr removed this action from state court (ECF No. 1).

       Plaintiff alleges that Pierce County jail officials rejected plaintiff's incoming mail, a colored postcard, without giving him notice that his mail was being rejected (ECF No. 1, first amended complaint, page 3). Plaintiff alleges that defendant Karr sets policy for the jail and lack of a policy on this issue caused a violation of plaintiff's right to due process. Defendant Karr asks that the Court dismiss this action pursuant to Fed. R. Civ. P. 12 for failure to exhaust

REPORT AND RECOMMENDATION - 1

administrative remedies, failure to state a claim, and on the basis of qualified immunity (ECF No. 4).

For purposes of ruling on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12, the Court assumes that plaintiff's allegations in the complaint are true. Plaintiff alleges that he was prevented from filing a grievance because staff at the jail would not give him a grievance form. If true, this would excuse plaintiff's failure to exhaust administrative remedies. Further, plaintiff has a right to notification when his mail is rejected and if defendant failed to adopt procedural safeguards that provided notification and an opportunity to appeal the decision, then this could be a viable claim. Thus, the action states a viable claim and a defendant who violates that right may not be entitled to qualified immunity.

Therefore, the Court recommends that defendants' motion to dismiss be denied.

## STANDARD OF REVIEW

*Motion to Dismiss for Failure to Exhaust Administrative Remedies.*

A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Fed. R. Civ. P.12 (b) motion. The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendant's. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003).

*Motion to dismiss.*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12 (b) (6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory.

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

DISCUSSION

A.    Exhaustion of administrative remedies.

The Prisoner Litigation Reform Act ("PLRA") provides that no suit may be brought under federal law concerning prison conditions until available administrative remedies have been exhausted:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted.

1   42 U.S.C. § 1997e(a).

2   Plaintiff alleges that he attempted to file a grievance regarding not getting notification of
3   a mail rejection, but he "was denied grievance forms on numerous occasions by Pierce County
4   Jail Staff." (ECF No. 1, first amended complaint, page 3). For purposes of ruling on this motion,
5   material allegations in the complaint are taken as admitted and the complaint is construed in the
6   plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

7   Where jail or prison staff's conduct is the reason for failure to exhaust a grievance several
8   circuits have found the exhaustion requirement is satisfied. *Kaba v. Stepp*, 458 F.3d 678, 684–86
9   (7th Cir. 2006) (threats prevented inmate from exhausting his grievance); *Brown v. Croak*, 312
10  F.3d 109, 111–12 (3d Cir. 2002) (inmate told he could not file a grievance until an investigation
11  was complete). The Ninth Circuit has adopted this approach. *Nunez v. Duncan* 591 F.3d 1217,
12  1225-6 (9th Cir 2010).

13  Here, plaintiff alleges his failure to exhaust was caused by jail staff refusing to give him
14  grievance forms. Thus, it was prison official's alleged conduct that prevented exhaustion of
15  administrative remedies. The Court recommends that the motion to dismiss on this ground be
16  DENIED. The parties are entitled to an opportunity to pursue or challenge this defense through
17  discovery and presentation of evidence at summary judgment.

18      B.   Mail rejections.

19  Prison or jail inmates have a First Amendment right to send and receive mail. *Pell v.*
20  *Procunier*, 417 U.S. 817, 824 (1974). The Supreme Court also recognized that a prisoner is
21  entitled to due process if an inmate is denied the right to send or receive mail. *Procunier v.*
22  *Martinez*, 416 U.S. 396, 417 (1974*), overruled on other grounds*, *Thornburgh v. Abbott*, 490
23  U.S. 401 (1989). When prison or jail officials reject mail, the inmate has a right to notification

24

1  of that rejection and an opportunity to respond because a jail's decision to censor or withhold
2  mail triggers minimal procedural due process. *Bonner v. Outlaw*, 552 F3d. 673, 676 (8th Cir.
3  2009).
4    Plaintiff alleges that his mail was rejected by jail officials and that he was not given
5  notice of that rejection. Plaintiff further states that defendant Karr is liable as the policy maker
6  for the jail "since no policy or procedure" exists that would have provided for an appeal process
7  or notification of a mail rejection (ECF No. 1, first amended complaint, page 3). Defendant's
8  argument that plaintiff fails to state a claim is not supported by existing case law. The Court
9  recommends denial of defendant's motion to dismiss.
10   C. Qualified immunity.
11   A public official performing a discretionary function enjoys qualified immunity in a civil
12 action for damages, provided his or her conduct does not violate clearly established federal
13 statutory or constitutional rights of which a reasonable person would have known. *Harlow v.*
14 *Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted); *see also Anderson v. Creighton*, 483
15 U.S. 635, 638 (1987) ("whether an official protected by qualified immunity may be held
16 personally liable for an allegedly unlawful official action generally turns on the 'objective legal
17 reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at
18 the time it was taken") (*quoting Harlow*, 457 U.S. at 818, 819); *Sorrels v. McKee*, 290 F.3d 965,
19 969 (9th Cir. 2002). Thus, qualified immunity "'provides ample protection to all but the plainly
20 incompetent or those who knowingly violate the law.'" *Burns v. Reed*, 500 U.S. 478, 495 (1991)
21 (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "an affirmative
22 defense that must be pleaded by a defendant official." *Harlow*, 457 U.S. at 815 (*citing Gomez v.*
23
24

REPORT AND RECOMMENDATION - 5

1 *Toledo*, 446 U.S. 635 (1980)). The immunity is "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (italic in original).

The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. The Court must determine whether the facts, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a federal statutory or constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In addition, the Court must ascertain whether the federal statutory or constitutional right at issue was "clearly established" at the time of the alleged violation. *Id*. at 201. Although the U.S. Supreme Court's holding in *Saucier* required that the determination of a violation of a federal right be the initial inquiry, the Supreme Court later held "that the *Saucier* protocol should not be regarded as mandatory in all cases, [however] we continue to recognize that it is often beneficial." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  In the absence of binding precedent, the court may look to whatever decisional law is available in order to determine whether or not the law was clearly established at the time the alleged acts occurred. *Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th Cir. 1985) (citations omitted). "Until this threshold immunity question is resolved, discovery should not be allowed". *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Plaintiff alleges that in February of 2012, mail addressed to him was rejected by jail staff and he did not receive a notice of that mail rejection (ECF No. 1 first amended complaint page 3). Plaintiff further alleges that Defendant Karr sets policy for the jail and that in light of existing

REPORT AND RECOMMENDATION - 6

1  law he is entitled to notice of mail rejections. The right to notification of a mail rejection was

2  first articulated in 1974. *Pell v. Procunier*, 417 U.S. 817, 824 (1974). The right was clearly

3  established, even as to subscriptions from a non-profit organization by 2001. *Prison Legal News*

4  *v. Cook*, 238 F.3d, 1145, 1152-53 (9th Cir. 2001).

5        It is clearly established law that when prison or jail staff reject mail, due process requires

6  procedural safeguards, which include notification of the rejection and an opportunity to appeal

7  the decision. This law was clearly established in February of 2012. Therefore, defendant Karr

8  would not be entitled to qualified immunity for failing to enact policy to ensure plaintiff received

9  notification of mail rejections. The Court recommends DENIAL of defendant Karr's motion to

10  dismiss.

11        Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have

12  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

13  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

14  review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

15  imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on

16  September 21, 2012, as noted in the caption.

17        Dated this 21st day of August, 2012.

18

19

20  J. Richard Creatura
    United States Magistrate Judge

21

22

23

24