UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

        Plaintiff,

  v.

M KARR,

        Defendant.

CASE NO. C12-5499 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

    This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    Plaintiff asks the Court to strike allegedly "immaterial, impertinent and inadmissible character evidence" in defendant's answer (ECF No. 20). In particular, plaintiff asks that paragraph 1.7, which contains information regarding plaintiff's conviction, be struck from the record. Plaintiff makes his request pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 404 (ECF No. 20).

1     Defendant has responded and argues that the information may become pertinent to the
2 proceeding depending on the nature of plaintiff's rejected mail (ECF No. 21, page 3). The Court
3 notes that the response contains no citation to any controlling Ninth Circuit authority (ECF No.
4 21).

5     The Court agrees with plaintiff that at this point the Court cannot determine what
6 relevance, if any, these allegations have to defendant's case.  Nevertheless, defendant correctly
7 notes that Fed. R. Evid. 404 is not controlling in this instance because the issue of admissibility
8 is not germane to the answer. Admissibility of evidence is a question more properly reserved for
9 trial and not when the case is being pled.  However, the fact that counsel mentions the nature of
10 plaintiff's conviction five times in his response, without any apparent relevance to the motion, is
11 not lost on the Court (ECF No. 21).

12     Fed. R. Civ. P. 12(f) grants the Court discretion in striking material and the standard of
13 review is abuse of discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.
14 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money
15 that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Id*.
16 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation,
17 and first alteration omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517,
18 (1994).

19     The overriding issue in this case is whether plaintiff received notice that his mail had
20 been rejected and whether the County's policy or practice regarding that practice is appropriate.
21 The nature of plaintiff's conviction is immaterial to the questions that are before the Court.

22

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S ANSWER - 2

1     The Court denies plaintiff's request to strike the pleading, but defendant and his counsel

2 are cautioned that unnecessary reference to the nature of the plaintiff's conviction is

3 inappropriate.

4     Dated this 23rd day of November, 2012.

                                       J. Richard Creatura
                                       United States Magistrate Judge