UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD LYLE STRATTON,<br><br>                Plaintiff,<br><br>v.<br><br>M. KARR, et al.,<br><br>                Defendants. | CASE NO. C12-5499 BHS<br><br>ORDER MODIFYING AND ADOPTING IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 36), and Plaintiff Donald Lyle Stratton's ("Stratton") objections to the R&R (Dkt. 37).

**I. PROCEDURAL HISTORY**

On April 11, 2012, Stratton filed a civil rights complaint in the Pierce County Superior Court for the State of Washington. Dkt. 1, ¶ 1. Stratton's claims arise out of the Pierce County jail's failure to notify Stratton that a card from his grandmother was rejected and mailed back to her.

On June 18, 2012, Defendants filed a motion to dismiss. Dkt. 4. On August 20, 2012, Judge Creatura issued an R&R on that motion recommending that the motion be

denied for numerous reasons, including that Defendants were not entitled to qualified immunity. Dkt. 12. Neither party filed any objections. On October 5, 2012, the Court adopted the R&R. Dkt. 16.

On March 20, 2013, Defendants filed a motion for summary judgment. Dkt. 30. On May 9, 2013, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion because Defendants are entitled to qualified immunity. Dkt. 36. On May 14, 2013, Stratton filed objections. Dkt. 37.

## II. FACTUAL BACKGROUND

The relevant facts are undisputed. On February 27, 2012, Defendants rejected Stratton's incoming mail. Defendants inspected the envelope and, based on the condition of the outside of the envelope, determined that it was not subject to automatic rejection. Defendants then opened the envelope and found a birthday card constructed of colored paper. Defendants' policy is not to accept colored paper in the jail because it may contain illegal substances such as drugs. Defendants then returned the card to the sender without notice to Stratton that he had received mail.

## III. DISCUSSION

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Judge Creatura recommends that the Court deny in part and grant in part Defendants' motion for summary judgment. Specifically, Judge Creatura

recommends that the Court (1) deny the motion on the ground that Stratton failed to exhaust, (2) dismiss Stratton's claim for injunctive relief, (3) conclude that it is a constitutional violation to open and reject an inmate's mail without giving the inmate notice that he received mail, (4) conclude that Defendants are entitled to qualified immunity because the constitutional violation was not clearly established, and (5) dismiss Stratton's state law tort claim because Stratton has failed to establish that Defendants had a legal duty to give him notice that he received mail. Dkt. 36 at 4–10. Stratton only objects to the conclusion that Defendants are entitled to qualified immunity. Dkt. 37 at 1. Therefore, the Court adopts the R&R on failure to exhaust, injunctive relief, and Stratton's state law claim. The other issues are part of the qualified immunity issue and will be discussed below.

Qualified immunity shields government officials from civil liability unless a plaintiff demonstrates: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). The Court has discretion to grant qualified immunity under the latter prong of this framework without the need to decide whether there was an underlying constitutional violation. *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009) (permitting inquiry into either prong first).

In this case, the Court will only address the clearly established prong of the analysis and declines to adopt the R&R as to whether Defendants violated Stratton's constitutional right. Stratton asserts two objections to the conclusion that the law was not clearly established. First, Stratton contends that the R&R on the motion to dismiss

conflicts with the instant R&R on the issue of whether the law was clearly established. Regardless of whether there is an explicit conflict, this Court applies a different standard of review for the instant R&R. No objections were filed on the previous R&R and, therefore, the Court reviewed it for clear error. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974), *cert. denied*, 419 U.S. 879 (1974) (When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.). Finding no clear error, the Court adopted the R&R. Even if there was clear error in the previous R&R, the Court must review the present R&R *de novo*. Fed. R. Civ. P. 72(b)(3). Therefore, any apparent conflict or previous conclusion is not binding on the Court at this stage of the proceeding.

Second, Stratton contends that the law was clearly established when Defendants rejected his mail. A law is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id*. (citations omitted).

In this case, the Court concludes that, in light of the pre-existing law, it was not apparent that an official must give notice to an inmate after opening then rejecting mail for a content neutral reason. On one hand, there are numerous cases that hold that a prisoner must receive notice when mail is withheld based on its content. *See, e.g., Frost v. Symington*, 197 F.3d 348, 354–358 (9th Cir. 1999) (officials withheld and disposed of

ORDER - 4

inmate's pornographic magazines).  On the other hand, there are numerous cases that hold that an official is not required to give an inmate notice when the official returns the mail to the sender for security reasons after an initial inspection of the particular piece of mail.  *See, e.g., Sikorski v. Whorton*, 631 F. Supp. 2d 1327, 1344–1349 (D. Nev. 2009) (Defendants implemented an "Unopened Mail Policy").  However, the parties do not cite, and the Court is unaware of, any authority for the proposition that an official must give an inmate notice when the official opens the mail and returns it to the sender for a content neutral security reason.  The most factually similar case before the Court is *Starr v. Knierman*, 2012 WL 1172066 (1st Cir. 2012).

In *Starr*, the plaintiff challenged mail return procedures at his correctional institution.  The prison official rejected and returned to the sender three pieces of mail addressed to the plaintiff.  *Id*. at *1.  The plaintiff received notice when one of his three pieces of mail was opened and rejected because it contained an unauthorized item.  *Id*.  In the lawsuit, the plaintiff argued that he should have been afforded more procedural safeguards before the opened mail was returned, such as an opportunity to object and an independent review of the decision.  *Id*.  The court disagreed with plaintiff and held that notice was a sufficient procedural safeguard under the Fourteenth Amendment.  *Id*. at *2.  It is important to note, however, that the court did not hold that notice was necessary when a piece of mail is opened then rejected; it only held that notice was a sufficient procedural due process safeguard.  *Id*.

Even if this unpublished, out-of-circuit case provided some direction to Defendants, the Court is unable to conclude that it was apparent to Defendants that notice

was required when they opened then rejected Stratton's mail for security reasons. Therefore, the law was not clearly established, and the Defendants are entitled to qualified immunity. In light of this conclusion, the Court modifies and adopts the recommended disposition and grants Defendants' motion for summary judgment.

## IV. ORDER

The Court having considered the R&R, Stratton's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **MODIFIED and ADOPTED in part** as stated herein;

(2) Defendants' motion for summary judgment is **GRANTED**;

(3) The Clerk shall enter **JUDGMENT** for Defendants; and

(4) Stratton's *in forma pauperis* status is **REVOKED** for purposes of appeal.

Dated this 4th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge